# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVENG WEE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 14-CV-0506-CVE-TLW |
| ) | |
| PRESIDENT OF THE UNITED STATES; ) | |
| SECRETARY, DEP'T OF HOMELAND ) | |
| SECURITY; DIST. FIELD OFFICE ) | |
| DIRECTOR/NATION WIDE DIST. ) | |
| FIELD OFFICE DIRECTOR, DHS, BICE; ) | |
| ATTORNEY GENERAL OF THE ) | |
| UNITED STATES; ) | |
| DHS/BICE CHIEF COUNSEL; DHS/BICE, ) | |
| ) | |
| Respondents. ) | |

## OPINION AND ORDER

On June 9, 2014, Petitioner, a detainee in the custody of Immigration and Customs Enforcement (ICE) and appearing pro se, filed a 28 U.S.C. § 2241 petition for writ of habeas corpus (Dkt. # 1) in the United States District Court for the Southern District of New York. By order filed August 25, 2014 (Dkt. # 4), the United States District Court for the Southern District of New York severed Petitioner's challenges to his removal order and transferred those claims to the United States Court of Appeals for the Fifth Circuit. Petitioner's remaining claims were transferred to this Court.

On September 3, 2014, this Court directed Petitioner to file an amended petition, raising only claims challenging the validity of his ongoing detention at David L. Moss Criminal Justice Center (DLMCJC). (Dkt. # 7). Petitioner filed his amended petition (Dkt. # 8) on September 15, 2014. He also filed an amended motion for a stay of removal (Dkt. # 9). On September 23, 2014, Petitioner filed a notice of change of address (Dkt. # 11). He states that his new address is 142-38

Franklin Ave. # 1, Flushing, New York. Id. The amended petition has not been served on Respondents and no pleading responsive to the amended petition as been filed.

As a preliminary matter, the Court finds that the amended petition (Dkt. # 8) replaces and supersedes the petition (Dkt. # 1).[1] Therefore, the original petition shall be declared moot. In addition, the Court lacks jurisdiction to consider Petitioner's amended motion for a stay of removal. For that reason, the amended motion for a stay of removal is dismissed without prejudice. Lastly, the amended petition for writ of habeas corpus is moot and, for that reason, is dismissed without prejudice.

**A. Legal standards**

Pursuant to the Real ID Act, challenges to most administrative orders of removal, deportation, or exclusion are reviewable only by the court of appeals. See 8 U.S.C. § 1252(a)(5). However, challenges to detention are reviewable by the district court in an action brought pursuant to 28 U.S.C. § 2241. See Ferry v. Gonzales, 457 F.3d 1117, 1131-32 (10th Cir. 2006). In a § 2241 action, a district court is authorized to issue the writ of habeas corpus when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." See § 2241(c)(3). Thus, to assert a § 2241 claim, a petitioner must demonstrate that he is "in custody," but this requirement need only be met at the time the action is initiated. See, e. g., Spencer v. Kemna, 523 U.S. 1, 7 (1998).

However, although not affecting the "in custody" requirement, a petitioner's release from custody after the initiation of his habeas petition may result in his petition becoming moot. See id.

---

[1] The § 2241 petition was docketed in the Southern District of New York as a complaint. See Dkt. # 1.

Article III of the United States Constitution limits the jurisdiction of the federal courts to actual cases or controversies. U.S. Const. art. III, § 2, cl. 1. To adhere to this jurisdictional limitation, an actual case or controversy must be present at all stages of the litigation, not only when the action is initiated. See Copar Pumice Co. v. Tidwell, 603 F.3d 780, 792 (10th Cir. 2010). Without a controversy that is both live and concrete, federal courts lack jurisdiction to consider claims, no matter how meritorious. See Mink v. Suthers, 482 F.3d 1244, 1253 (10th Cir. 2007). Accordingly, when a court considers this threshold issue and determines that there is no current live case or controversy, it must dismiss the action for lack of jurisdiction. See Copar Pumice, 603 F.3d at 792; McKeen v. U.S. Forest Serv., 615 F.3d 1244, 1255 (10th Cir. 2010); Escamilla v. Longshor, 2011 WL 2694669 (D. Colo. July 12, 2011) (unpublished).[2] "Because mootness is a matter of jurisdiction, a court may raise the issue sua sponte." McClendon v. City of Albuquerque, 100 F.3d 863, 867 (10th Cir. 1996) (citing Johnson v. Riveland, 855 F.2d 1477, 1480 (10th Cir. 1988)).

Although the case or controversy requirement is constitutionally mandated, the scope of the requirement is somewhat indistinct. The mootness doctrine incorporates two aspects: (i) whether the issues are live; and (ii) whether the parties have a legally cognizable interest in the outcome. See Lucero v. Bureau of Collection Recovery, Inc., 639 F.3d 1239, 1242 (10th Cir. 2011). The critical question in determining these two aspects is "whether granting a present determination of the issues offered will have some effect in the real world." McKeen, 615 F.3d at 1255; Kennecott Utah Copper Corp. v. Becker, 186 F.3d 1261, 1266 (10th Cir. 1999). When circumstances change such that the court is unable to grant effective relief that has some effect in the real world, a live case or

---

[2] This unpublished opinion is not precedential but is cited for its persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

controversy no longer exists and the case is, therefore, moot. See McKeen, 615 F.3d at 1255; Copar Pumice, 603 F.3d at 792 (stating that a case is moot where intervening events or relief "have completely and irrevocably eradicated the effects of the alleged violation").

There are, however, exceptions to the mootness doctrine; that is, even if an action appears moot on its face, a court will refrain from dismissing the action when certain circumstances are present. The four generally recognized exceptions are: (1) the plaintiff continues to have secondary or collateral injuries even after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an alleged illegal practice, but is free to resume it at any time; or (4) the action is a properly certified class action suit. See Riley v. INS, 310 F.3d 1253, 1256-57 (10th Cir. 2002).

**B. Court lacks jurisdiction to consider challenge to removal order**

As to Petitioner's amended motion for a stay of removal, Petitioner is advised that jurisdiction over a challenge to a final order of removal lies solely in the circuit court of appeal. See 8 U.S.C. § 1252(a)(5); Hem v. Maurer, 458 F.3d 1185, 1188 n.3 (10th Cir. 2006). In this case, Petitioner's challenge to the validity of the final order of removal is currently pending at the Fifth Circuit Court of Appeals. This Court lacks jurisdiction to consider Petitioner's amended motion for a stay of removal. For that reason, the amended motion for a stay of removal shall be dismissed without prejudice for lack of jurisdiction.

**C. Detention challenge is moot**

In his amended petition, Petitioner alleges that he is being illegally detained and seeks release from detention. Based on Petitioner's notice of change of address, reflecting that he has been released from ICE detention at DLMCJC, his 28 U.S.C. § 2241 petition for writ of habeas corpus

has been rendered moot. This is true because an intervening event, i.e., Petitioner's release from detention, has "completely and irrevocably eradicated the effects of the alleged violation." Petitioner is no longer in detention at DLMCJC and, as a result, a live case or controversy no longer exists. Furthermore, none of the exceptions to the mootness doctrine applies. Therefore, the amended petition for writ of habeas corpus (Dkt. # 8) shall be dismissed without prejudice for lack of jurisdiction based on mootness.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Petitioner's original complaint (Dkt. # 1) is **declared moot**.

2. Petitioner's amended motion for a stay of removal (Dkt. # 9) is **dismissed without prejudice** for lack of jurisdiction.

3. Petitioner's amended petition for writ of habeas corpus (Dkt. # 8) is **dismissed without prejudice** for lack of jurisdiction based on mootness.

4. This is a final order terminating this action.

**DATED** this 8th day of October, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE